Burlock v. Air Clean Damper Co.          CV-94-204-SD   05/13/96
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Harold Burlock;
Gail Burlock


        v.                                    Civil No. 94-204-SD


Air Clean Damper Co., Inc.,
 n/k/a A.C.D.C., Inc.;
C.T. Main Co., Inc.,
 n/k/a Parsons Main, Inc.



                              O R D E R


        The trial preparation of this case has been impeded by

discovery delays, all of which are not to be imputed to

respective counsel.  The convergence of such delays with the

January 1, 1996, effective date of new local rules gives rise to

the motions which are the subject of this order.  Unfortunately,

resolution of the issues raised in the motions will require

additional delay in further advancement of the case to

disposition on its merits.[1]

_____

        [1]Counsel for Parsons Main, Inc. (PMI) has requested oral
argument grounded on the "unusual procedural and substantive
issues" presented by these motions.  Document 45.  The court
finds that the issues addressed are neither so unusual nor so
complex as to require other than review of the documents filed,
and accordingly denies the motion for oral argument.

1.  PMI's Motion for Preclusion of Expert Evidence (Liability) or Amended Scheduling Order, document 44

This motion, to which plaintiffs object (document 55), seeks to preclude plaintiffs from offering expert evidence from their chosen expert, David R. Pesuit, Ph.D.  It appears that Dr. Pesuit tendered an initial report grounded on information then available to him under date of January 13, 1995.

At his deposition on April 23, 1996, Dr. Pesuit testified on the basis of information which had apparently been furnished him in the interval since he had tendered his initial report.[2] Counsel dispute whether the deposition testimony comprises a "change" in the witness's theory of liability.[3]

Faced with the dilemma posed as to how to counter such testimony with the May 30, 1996, discovery deadline fast approaching, PMI suggests preclusion of Pesuit's testimony or extension of the time within which PMI may procure and tender the reports of its own experts.  Given the penchant of the First

_____

[2]Apparently, at the time of the initial report Pesuit had not seen the deposition transcripts or exhibits of other witnesses and had no copies of contract documents from PMI, which apparently are now missing, nor had he the benefit of testimony of witnesses of James River Corporation, the employer of the plaintiff.  Some, but not all, of these materials having been furnished, he relied thereon in his deposition.

[3]For purposes of the ruling to be made in this order, however, the court finds it unnecessary to resolve this dispute.

2

Circuit for resolution of cases on their merits, it is clear that the latter suggestion is the most reasonable and the one which should be here adopted.

It is true, as plaintiffs' counsel point out, that "it is not unusual for experts to make changes in their opinions and revise their analyses and reports frequently in preparation for, and sometimes even during, a trial." Newell Puerto Rico, Ltd. v. Rubbermaid, Inc., 20 F.3d 15, 22 (1st Cir. 1995). Trial courts, however, attempt to limit such delays by requiring early disclosure of experts' opinions in order that they might be "pinned down" at deposition and all parties prepared to go forward at trial.

Here, such efforts have been frustrated by delays in the gathering of material necessary to finalize the expert's opinion. As of this writing, it is not clear whether Dr. Pesuit has reviewed all of the information he believes necessary to express his final opinion.

Under the circumstances, the court herewith extends the deadline for discovery from May 30, 1996, to October 31, 1996. This extension is on condition that plaintiffs' final report is to be furnished to defendants' counsel by June 15, 1996. Defendants' experts' reports are to be tendered to plaintiffs' counsel by August 1, 1996. The parties may thereafter complete

3

such depositions as they find necessary to finalize trial preparation.

The motion is granted to the extent that the discovery deadlines are extended to the time and upon the conditions hereinabove set forth, and the motion is otherwise denied insofar as it seeks preclusion of the testimony of plaintiffs' liability expert.

## 2.  PMI's Motion to Preclude Plaintiffs' Evidence of Permanent Disability, document 43

Plaintiff Harold Burlock was treated by a considerable number of physicians, but plaintiffs' counsel to date has failed to designate any of them as experts or to tender written expert reports from any such physicians.  Defendant has apparently been furnished with complete copies of all relevant medical reports of the plaintiff.

The motion, to which the defendant objects (document 56), urges that, for failure to furnish such expert reports, all evidence of permanent disability be precluded.  While confusion attendant upon the applicable rules may have caused plaintiffs' counsel to rely on the fact that he need not furnish expert

4

reports of attending physicians,[4] defendants are entitled, before trial, to know exactly which physicians are to testify concerning the disability of the plaintiff.

Accordingly, the court herewith orders plaintiffs' counsel to furnish defendants with the identity and expert reports of such physicians as are to be called at trial not later than June 15, 1996. Defendants' medical experts, in turn, are to furnish their reports to plaintiffs' counsel by August 1, 1996. Depositions may thereafter be taken as required within the currently extended deadline. Insofar as the motion seeks preclusion of expert evidence on disability, it is herewith denied.

3. Conclusion

The court has granted in part the motion which seeks extension of deadlines for discovery to allow a final report of plaintiffs' liability expert and furnishing of reports of

---

[4]As plaintiffs' counsel points out, Rule 26(a)(2)(B) requires expert reports of witnesses "retained and specially employed to provide expert testimony in the case." Additionally, the notes of the advisory committee suggest that treating physicians "can be deposed or called to testify at trial without any requirement for a written report." Local rules, however, can override this exemption, and current Local Rule 26.1(b) contemplates that treating physicians who are to furnish testimony as to their patient's disability should file expert reports.

5

defendants' liability experts.  It has denied this motion insofar as it seeks to preclude evidence of liability.

The court has denied the motion which seeks preclusion of medical experts' reports, but has extended deadlines with respect to this subject also.

The court herewith grants the motion of defendant Air Clean Damper Co., Inc., n/k/a A.C.D.C., Inc., to join in the motions which are ruled upon in this order.  Documents 47, 48, 49.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 13, 1996

cc:  Francis X. Quinn, Esq.
     Michael R. Callahan, Esq.
     Timothy C. Sullivan, Esq.
     P. Sabin Willett, Esq.
     Andrew A. Merrill, Esq.